IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| KEVON BANKS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CIVIL NO. 04-363-DRH |
| | ) |
| MARY WEST, CHAD FORSTINE and | ) |
| DEBI MIDDENDORF, | ) |
| | ) |
| Defendants. | ) |

MEMORANDUM AND ORDER

**HERNDON, District Judge:**

Plaintiff, an inmate in the Menard Correctional Center at the time of the alleged events, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. Plaintiff previously was granted leave to proceed *in forma pauperis*, and he has tendered his initial partial filing fee as ordered.

This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> > (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> > (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A. An action or claim is frivolous if "it lacks an arguable basis either in law or in

fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Upon careful review of the complaint and any supporting exhibits, the Court finds it appropriate to exercise its authority under § 1915A; this action is legally frivolous and thus subject to summary dismissal.

      Plaintiff states that he ordered several books from Llewlyn Publications, which were sent to him in December 2003. On December 19, he received a notice from Defendant West advising him that it appeared these publications were not on the list of approved publications. Plaintiff took issue with this finding and responded in writing on December 20, also requesting copies of his receipts. When he did not receive a prompt response to his letter, he wrote another letter requesting specific details regarding the withholding of these religious publications. Again, he did not receive an immediate response, so he wrote yet another request on December 29. On January 12 he began the grievance process with his counselor, Defendant Forstine. Forstine responded on January 21 and, dissatisfied with the result, Plaintiff forwarded his grievance to Defendant Middendorf on January 25. Middendorf responded on January 28, agreeing with Forstine, so Plaintiff then appealed to the Administrative Review Board ("ARB"); the ARB responded on February 5, denying his request. On February 6, less than two months after he sent his first written request to West regarding copies of his receipts, Plaintiff received a response from West advising him that his books were being held pending review, should he wish to request such a review. He also received a further response from West on February 13. Still not satisfied, Plaintiff again wrote to West in May, demanding a detailed explanation of the reasons why his publications were disapproved.

      Plaintiff is upset, first, because West failed to respond to his requests in a sufficiently prompt manner. However, the Constitution does not require that Plaintiff receive an immediate response to a grievance or to any other written request. Further, the Court finds that six weeks is not an

inordinate delay. Plaintiff is also upset with Forstine and Middendorf for their incompetence in resolving his grievance to his satisfaction but, "a state's inmate grievance procedures do not give rise to a liberty interest protected by the due process clause." *Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1995). *See also Maust v. Headley,* 959 F.2d 644, 648 (7th Cir. 1992); *Shango v. Jurich*, 681 F.2d 1091 (7th Cir. 1982).

One constitutional right that might be implicated by these facts is Plaintiff's right, under the Fourteenth Amendment, to be free from deprivations of his property by state actors without due process of law. To state a claim under the due process clause of the Fourteenth Amendment, Plaintiff must establish a deprivation of liberty or property *without due process of law*; if the state provides an adequate remedy, Plaintiff has no civil rights claim. *Hudson v. Palmer*, 468 U.S. 517, 530-36 (1984) (availability of damages remedy in state claims court is an adequate, post-deprivation remedy). The Seventh Circuit has found that Illinois provides an adequate post-deprivation remedy in an action for damages in the Illinois Court of Claims. *Murdock v. Washington*, 193 F.3d 510, 513 (7th Cir. 1999); *Stewart v. McGinnis*, 5 F.3d 1031, 1036 (7th Cir. 1993); 705 ILCS 505/8 (1995). Accordingly, Plaintiff has no claim under Section 1983 for deprivations of his property.

Finally, although mentioning that these several books were religious publications of an unspecified nature, Plaintiff does not frame his cause of action as a deprivation of his right to freely practice his religion, as guaranteed by the First Amendment. Plaintiff does not allege that his failure to receive these publications interfered with his exercise of religion, nor does he allege that these publications had anything at all to do with *his* religious practices. In fact, the complaint does not even list the publications that were delayed pending review, nor does it mention what religious practices, of what faith, were impeded by the delay in receiving these publications. Therefore, the

Court does not construe his complaint as an attempt to state a claim that Defendants violated his First Amendment rights.

In summary, Plaintiff's complaint does not survive review under § 1915A. Accordingly, this action is **DISMISSED** with prejudice. Plaintiff is advised that the dismissal of this action will count as one of his three allotted "strikes" under the provisions of 28 U.S.C. § 1915(g).

**IT IS SO ORDERED.**

**DATED: May 27, 2005**

/s/    David RHerndon
**DISTRICT JUDGE**